IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JOHN A. DEEP,

                Plaintiff,

    vs.                                   Civ. Action No.
                                           1:09-MC-0073 (DNH/DEP)

DAVID BOIES, *et al.*,

                Defendants.

_____

APPEARANCES:                         OF COUNSEL:

FOR PLAINTIFF:

JOHN A. DEEP, *Pro Se*
26 Roosevelt Blvd.
Cohoes, NY  12047

FOR DEFENDANTS:

GLEASON, DUNN LAW FIRM        THOMAS F. GLEASON, ESQ.
40 Beaver Street                      MARK WALSH, ESQ.
Albany, NY 12207

FOR NON-PARTY WITNESSES:

REHFUSS, LIGUORI LAW FIRM     STEPHEN J. REHFUSS, ESQ.
40 British American Blvd.
Latham, NY 12110

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

This proceeding results from the registration by David Boise, Esq., Boise Schiller & Flexner, LLP, Strause & Boise LLP, and Transworld Entertainment Corp. (collectively "Judgment Creditors") of a judgment entered in the United States District Court for the District of Maine on September 24, 2008, in the amount of $18,499.45 and affirmed by the United States Court of Appeals for the First Circuit on September 21, 2009, with the imposition of sanctions in favor of the judgment creditors in the additional sum of $5,000 based upon a finding of vexatious litigation.

Since the registration of that judgment, the judgment creditors have attempted to avail themselves of the avenues available to them under Rule 69 of the Federal Rules of Civil Procedure in aid of enforcement of that judgment. Included among the efforts made by the judgment creditors to obtain satisfaction of the judgment was the issuance of subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure to Madeline Deep and Aaron Johnson on February 18, 2010 requiring them to appear for deposition and to produce certain specified documents for use in connection with those depositions.

Currently before the court in connection with this matter are cross-

motions brought by the parties.  The motion filing process was initiated by the judgment creditors' submission on March 30, 2010 of an application for an order compelling compliance with the subpoenas issued to the two aforementioned non-party witnesses.  Dkt. No. 30.  John A. Deep, the judgment debtor, has since filed papers in opposition to that motion in its support of a cross-motion seeking to "limit, modify or stay enforcement of the judgment".  Dkt. No. 36.

Oral argument was conducted in connection with the parties' cross-motions on April 15, 2010.  Appearing during that argument were counsel for the judgment creditors, the judgment debtor, who is proceeding *pro se*, and Steven Rehfuss, Esq., an attorney representing the two subpoenaed non-parties.

The court has reviewed the submissions of the parties and has determined that proper service of the subpoenas in question was effectuated.  It has also been represented to the court, though not disclosed on the affidavits of service now on file, that service of the subpoenas included an advance payment of applicable witness fees and mileage as required under Rule 45.  The court has also determined that there is no cognizable basis to any further prolong this proceeding and

delay legitimate efforts on part of the judgment creditors to enforce the foreign judgment now registered in this district. The court further concludes that the two deposition witnesses appear to have information which is relevant to the judgment creditors' enforcement efforts, and further that the documents requested appear to be potentially relevant as well.

Based upon the foregoing and the court's bench decision issued on April 15, 2010, which decision is incorporated herein by reference, it is hereby

ORDERED as follows:

1) The subpoenaed non-parties are hereby directed to appear for deposition at the law offices of Gleason, Dunn, Walsh & O'Shea, 40 Beaver St., Albany, NY 12207.

|  | Date | Time |
|---|---|---|
| Madeline Deep | May 13, 2010 | 9:00 a.m. |
| Aaron Johnson | April 29, 2010 | 10:10 a.m. |

2) The subpoenaed non-party witnesses are hereby directed to produce all documents within their possession, custody or control falling within the categories listed in their respective subpoenas.

3) The clerk is directed to promptly forward copies of this order to attorneys for the judgment creditors, and for the subpoenaed non-parties, electronically, and to the judgment debtor, by regular mail, in accordance with this court's local rules.

Dated: April 26, 2010
        Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge